IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Carol G Higgins<br>also known as<br>Madam G Zagato,<br><br>        Plaintiff,<br><br>v.<br><br>Adrian Black<br>also known as<br>Adriana Caligari,<br><br>        Defendant. | )<br>)   Civil Action No. 3:06-02193-CMC-BM<br>)<br>)<br>)<br>)<br>)   **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

       This action has been filed by the Plaintiff, pro se, alleging copyright infringement. The Defendant is apparently a citizen of Rome, Italy.

       On October 5, 2006, the undersigned issued a Report and Recommendation that the complaint be dismissed without prejudice and without issuance and service of process based on Plaintiff's failure to comply with a previously issued proper form order. Plaintiff filed an objection to the Report and Recommendation on October 20, 2006, stating that she would do "anything required by the Court" to proceed with her case. On October 31, 2006, the Honorable Cameron McGowan Currie, United States District Judge, found that Plaintiff had submitted the necessary paperwork and had provided the Clerk of Court with a proposed summons for issuance in the case. The Court further held, in part:

       The service requirements for this case are, however, somewhat unusual. Plaintiff is attempting to sue an individual who appears to be a resident of Rome,



> Italy. Service upon foreign defendants is governed by Federal Rule of Civil Procedure Rule 4(f), which requires that service be made in the manner prescribed by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter "Hague Convention"), 20 U.S.T. 361 (*reprinted in* 28 U.S.C. Fed. R. Civ. P. 4, note at 210-29), or by foreign law. Fed R. Civ. P. 4(f). The Hague Convention is a multilateral treaty which was enacted for the purpose of creating a simple and expeditious procedure for service of process on foreign litigants in an effort to encourage judicial assistance and cooperation in international litigation. The Supreme Court has held that compliance with the Hague Convention is mandatory when serving a foreign defendant in a signatory country. <u>Volkswagenwerk Aktengesellschaft v. Schlunk</u>, 486 U.S. 694, 699 (1988). Both Italy and the United States are signatories to the treaty. 28 U.S.C. Fed. R. Civ. 4, note at 218. (footnotes omitted).

The Court directed Plaintiff to provide the complaint and summons to the United States Marshal for international service, and this matter was re-referred to the undersigned for further pretrial proceedings pursuant to Local Civil Rule 72.03(B)(2)(e), DSC.

The United States Marshal Service then mailed process to the Registry of the Court of Appeals in Rome, where it was received (no date shown), with the return receipt being received by the United States Marshal on January 8, 2007. <u>See</u> Court Document No. 15. No additional information or receipts have been received by the United States Marshal. However, on February 3, 2007, the Clerk of Court received a letter from the Defendant (Court Document No. 16) wherein the Defendant stated that, as a result of checking the "Acer" system,[1] he saw that a summons had been issued for him, but that he has "neither signed for, seen, nor been presented with said summons." Defendant further requested that all documentation be sent to him, and that he be allowed "sufficient time to draft my answers accordingly." Plaintiff thereafter filed a motion for Default Judgement against the Defendant on March 15, 2007, following which the Clerk issued an entry of default against the Defendant on March 15, 2007. However, for the reasons set forth hereinbelow, the default should be vacated, and Plaintiff's motion for a default judgment should be denied.

---

[1]Apparently Pacer.



**Discussion**

In order for service to be effective on a foreign defendant several criteria, laid out in the Hague Convention, must be satisfied. Articles 2 and 3 of the Hague Convention hold that each state shall designate a Central Authority, through which service will be made effective. The Hague Convention calls for process to first be sent to the Central Authority of the foreign jurisdiction in which process is to be served, following which the Central Authority of the foreign country must serve process on the Defendant. After service is executed, the Central Authority must complete a Certificate describing how, where, and when service was completed. Also, the Certificate must explain why service did not occur, if such is the case. When the Certificate is completed, it is to be returned to the Applicant. See The Hague Convention, 20 U.S.T. 361, Arts. 3, 5, 6; Burda Media v. Viertel, 417 F.3d 292, 300 (2nd Cir. 2005); In Re Bulk [Extruded] Graphite Products Antitrust Litigation, No. 02-6030, 2006 WL 1084093 (D.N.J. Apr. 24, 2006).

In the present case, Plaintiff completed Form USM-94 and gave it and all other required documents to the United States Marshal to be forwarded to the Italian Central Authority. There is documentation to show that the Italian Central Authority received the summons, as the U.S. Marshal received conformation of this receipt via a return receipt for international mail on January 8, 2007. However, despite facts showing the Italian Central Authority has received the summons, there is no evidence to show that the Defendant has ever been served with process. Lack of sufficient service is illustrated through the absence of a Certificate completed be the Italian Central Authority as well as the letter from Plaintiff stating that he has not received a summons. There has also been no indication received from any Italian authority as to the status of the service of process. Therefore, because there is no evidence to show that the Defendant has been properly served with process in this case, Plaintiff's motion for Default Judgement should be **denied**.



Plaintiff may still obtain proper service in this case if the Marshal receives notice of service from the Italian Central Authority. Hence, the Marshal's Service should either be directed to re-contact the Italian Central Authority, or to pursue service by the alternate method of service provided by the Hague Convention, which is service by mail.² Article 10(a) of the Hague Convention allows Plaintiffs to "send judicial documents, by postal channels, directly to persons abroad." 20 U.S.T. 361, Art. 10. The Fourth Circuit has held that service by mail is an option in which service can be completed. Koehler v. Dodwell, 152 F.3d 304, 307-08 (4th Cir. 1998). See also Ackerman v. Levine, 788 F.2d 830, 839 (2nd Cir. 1986) [holding that service by mail is an appropriate method of service]; Lestrade v. United States, 945 F.Supp. 1557, 1559 (S.D.Fl. 1996) ["the term *send* in Article 10(a) also means *serve*"]; Headstrong Corp. v. Satish JHA, No. 05-813, 2007 WL 1238621 (E.D.Va. Apr. 27, 2007); Chattem Chemicals Inc. v. Akzo Nobel Chemicals B.V., 229 F.Supp.2d 555, 556 n. 8 (M.D.La. 2002) [Discussing issue of service of process by mail in Italy]; Randolph v. Hendry, 50 F.Supp.2d 572, 578-579 (S.D.W.Va. 1999) [Discussing requirements for effecting service by mail under the Hague Convention]; but see Nuovo Pig none, SpA v. Stormon Asia, 310 F.3d 374, 384 (5th Cir. 2002) [Hague Convention does not permit service by mail].

**Conclusion**

Based on the foregoing, it is recommended that Plaintiff's motion for Default Judgement be **denied**, and that the United States Marshal be directed to either re-contact the Italian

---

²Plaintiff has herself apparently sent some material directly to the Defendant by certified mail. However, this material did not include the summons and Complaint in this case. See Court Document No. 19.



Central Authority to ascertain the status of their service attempt, or in the alternative attempt service on the Defendant by certified mail.

   The parties are referred to the Notice Page attached hereto.

                     _____
                      Bristow Marchant
                      United States Magistrate Judge

Columbia, South Carolina

September 13, 2007

